*Brown* v. *Porcher*, the Court of Appeals for the Fourth Circuit held that a federal court could award a judgment against the South Carolina unemployment compensation fund, because that fund was segregated from general state revenues. 660 F. 2d 1001 (1981), cert. denied, 459 U. S. 1150 (1983) (WHITE, Powell, and REHNQUIST, JJ., dissenting). The Court of Appeals for the Third Circuit has held that a federal court could order retroactive relief against the Pennsylvania Department of Public Welfare (DPW), at least to the extent that the DPW would be reimbursed by the Federal Government. *Bennett* v. *White*, 865 F. 2d 1395, 1408, cert. denied, 492 U. S. 920 (1989). In *Foggs* v. *Block*, the Court of Appeals for the First Circuit found that the Eleventh Amendment did not bar a federal court from ordering the restoration of food stamp benefits where the Federal Government bore the cost of the program. 722 F. 2d 933, 941, n. 6 (1983), rev'd on other grounds *sub nom. Atkins* v. *Parker*, 472 U. S. 115 (1985).

The issue is important. I would grant certiorari to resolve this conflict among the Courts of Appeals.

No. 91–745. KARR ET UX. *v.* COMMISSIONER OF INTERNAL REVENUE. C. A. 11th Cir. Certiorari denied. JUSTICE WHITE would grant certiorari. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

No. 91–6376. LEE *v.* UNITED STATES. C. A. 6th Cir. Certiorari denied. JUSTICE WHITE would grant certiorari. ▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓

No. 91–959. SHELL OIL CO. *v.* PEDRAZA ET AL. C. A. 1st Cir. Motion of Chemical Manufacturers Association for leave to file a brief as *amicus curiae* granted. Certiorari denied. ▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓

No. 91–371. TAMPAM, INC. *v.* OGLE COUNTY BOARD OF REVIEW ET AL., *ante*, p. 981;

No. 91–509. KEELS *v.* WAITES ET AL., *ante*, p. 942;

No. 91–572. ALLRIGHT, COLORADO, INC., ET AL. *v.* CITY AND COUNTY OF DENVER ET AL., *ante*, p. 983; and

No. 91–5798. LEE *v.* KEMPER GROUP, T/A LUMBERMEN'S MUTUAL INSURANCE CO., ET AL., *ante*, p. 946. Petitions for rehearing denied.